THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN ANTHONY COLAN, Appellant, *v.* J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.

Third Department, November 8, 1963.

*John Anthony Colan,* appellant in person.

*Louis J. Lefkowitz, Attorney-General (Anthony J. Lokot* and *Paxton Blair* of counsel), for respondent.

GIBSON, J. Appeal is taken from an order of the County Court of Clinton County which dismissed as premature a writ of habeas corpus. The petition alleges that relator's 1960 conviction was invalid by reason of the sentencing court's failure to comply with section 335-b of the Code of Criminal Procedure which required that relator be informed, before acceptance of his plea of guilty, that if it should thereafter appear that he had been previously convicted of a felony, he would be subject to different or additional punishment.

On December 3, 1959, upon conviction of a crime committed April 6, 1959, relator was sentenced as a third felony offender to imprisonment for a term of 25 to 40 years. On May 11, 1960, upon conviction of a crime committed March 11, 1959, he was sentenced as a third felony offender to imprisonment for a term of 40 to 60 years, such sentence to run concurrently with that imposed December 3, 1959. As the 1960 sentence was imposed for a crime committed prior to the 1959 sentence, subdivision 2 of section 2190 of the Penal Law, relating to the situation " [w]here a person, under sentence for a felony, *afterward* commits any other felony ", is inapplicable; and this renders untenable the ground upon which was predicated the dismissal of the writ as premature, i.e., that the sentencing court was

without power to make the 1960 sentence a concurrent one and that, therefore, relator's present detention is solely by reason of the valid 1959 sentence which has some years to run. Conceding that the ground assigned by the County Court for its decision was in error, the respondent contends, nevertheless, that the dismissal was proper in that the failure of compliance with section 335-b " is not of sufficient substance to result in that absence of procedural due process entitling relator to use habeas corpus "; but this contention seems somewhat inconsistent with respondent's concession that relator's right to be informed pursuant to section 335-b was a legal right that could not be waived, that concession necessarily implying some considerable substantiality in the right. Indeed, the respondent cites as authority for his concession *People ex rel. McIntosh* v. *Fay* (18 A D 2d 175) in which it was held that noncompliance with section 335-b required vacatur of the plea and conviction. It was held in *McIntosh* (p. 176) that " The failure to give to relator the statutory warning mandated by section 335-b vitiated the judgment upon such conviction because it deprived him of a substantial right " (and cf. *People* v. *Mallay,* 14 A D 2d 761; *People* v. *Schulman,* 13 A D 2d 441). The statement quoted seems to us to be correct and to mandate reversal here.

The order should be reversed, on the law and the facts, without costs; the writ should be sustained and relator remanded to the Supreme Court, Queens County, Criminal Term, for rearraignment, repleading and other necessary and appropriate proceedings not inconsistent herewith.

BERGAN, P. J., HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order reversed, on the law and the facts, without costs; writ sustained and relator remanded to the Supreme Court, Queens County, Criminal Term, for rearraignment, repleading and other necessary and appropriate proceedings not inconsistent herewith.